United States District Court
Southern District of Texas
**ENTERED**
August 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BIANCA MOUTON, § | |
| § | |
| *Plaintiff*, § | |
| vs. § | CIVIL ACTION NO. 4:23-CV-1785 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM & ORDER

This is a slip-and-fall case brought by Plaintiff Bianca Mouton against Defendant Wal-Mart Stores Texas, LLC ("Walmart"). Before the Court is Defendant Walmart's Motion for Summary Judgment. ECF No. 26. For the reasons that follow, the Court finds that the Motion for Summary Judgment should be **GRANTED**.

I.   BACKGROUND

On August 6, 2021, Plaintiff was shopping at Walmart. ECF No. 1-2 at ¶ 5. Plaintiff was walking down the grocery action alley, one of the store's main aisles, when she slipped on an unknown liquid substance. ECF No. 26-2, 25:10-20. As she fell, her left hand, hip, knee, and leg contacted the ground. *Id.* at 26:9-27:8. Plaintiff was seven months pregnant at the time, but her stomach did not hit the ground. *Id.* Plaintiff alleged that she suffered "significant and extensive injuries" from the fall. ECF No. 1-2 at ¶ 8.

Plaintiff filed suit against Defendant Walmart in Texas state court, asserting claims for premises liability and negligence related to her fall and seeking over $1,000,000 in damages and other monetary relief. ECF No. 1-2 at ¶¶ 9-17, 26. Defendant removed the suit to this Court on

1

May 15, 2023. ECF No. 1. Discovery closed on May 31, 2024. ECF No. 25. Defendant filed a Motion for Summary Judgment on July 1, 2024. ECF No. 26. Plaintiff responded to the motion, ECF No. 29, and Defendant replied to Plaintiff's response, ECF No. 31.

On August 20, 2024, this Court held a motion hearing on Defendant's Motion for Summary Judgment. At the hearing, the Court granted summary judgment for Defendant on Plaintiff's negligence claim and took the remaining issues under advisement. ECF No. 33.

## II.     LEGAL STANDARD

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.*

at 718–19.

### III.   ANALYSIS

Plaintiff's Complaint asserts that Defendant is liable under the theory of premises liability because she was an invitee in the Walmart store. ECF No. 1-2 at ¶ 10. To recover on a premises liability claim, Plaintiff must prove (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that the defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) that the defendant's failure to use such care proximately caused the plaintiff's personal injuries. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

Only the first element, Defendant's actual or constructive knowledge, is in dispute on summary judgment. Defendant argues that Plaintiff cannot provide evidence showing that it had actual or constructive notice of a dangerous condition on the premises.

A slip-and-fall plaintiff satisfies the notice element of a premises liability claim by establishing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). "To prove any of these three propositions, plaintiffs may rely upon either direct or circumstantial evidence." *Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (cleaned up). While the elements of a claim can be proven using circumstantial evidence, Plaintiff must show that the "circumstantial evidence is sufficiently non-speculative to create a fact issue." *Garcia*, 893 F.3d at 281.

Plaintiff contends that the circumstantial evidence supports her claim that a Walmart employee either had actual knowledge of the condition because the employee put the substance on

3

the floor or had constructive knowledge of the condition because the employee negligently failed to eliminate the condition while working in the area. However, there is little to no evidence of how or when the substance got on the floor. In support of her argument, Plaintiff offers the following evidence: (i) surveillance video shows two Walmart stock carts and a dolly being pushed through the area where Plaintiff slipped and fell within 10 minutes of her fall; (ii) surveillance video does not appear to show any of the customers who walked through the area before her fall spilling anything, (iii) photographs (taken after her fall) show two streaks in the substance that arguably could be from dolly wheels. ECF No. 29 at ¶¶ 9-17. In addition, Plaintiff points to evidence in the surveillance video and deposition of Walmart manager Abdelhadi Al-Hatabeh that no one from Walmart checked if the carts were leaking before or after the fall. ECF No. 29 at ¶ 12; ECF No. 29-2 at 27:13-32:13-15.

      While the circumstantial evidence demonstrates the lack of information about the substance, it does not bolster Plaintiff's version of the events or establish Walmart's notice. Plaintiff has not presented any evidence that Walmart was the source of the substance on the floor or had actual knowledge of the substance. In her deposition, Plaintiff testified that she did not know how the liquid substance on which she slipped came to be on the floor. ECF No. 26-2 at 29:3–5. She also testified that she did not see anybody—customer or Walmart employee—spill anything. *Id.* at 29:16–18. The surveillance footage also does not show any Walmart employee creating the condition or being aware of the condition, and the substance is not even visible on the video. Finally, Plaintiff's assertion that the photographs taken after the fall show tracks made by Walmart dolly wheels is speculative; the streaks could have been made or altered by her fall. Even if her speculation about the tracks is accepted, it does not establish that the Walmart dolly was leaking or that Walmart employees were aware of the substance on the ground. Mere proximity of

an employee to a spill, without evidence of when or how it was created, is legally insufficient to establish actual or constructive knowledge for a premises liability claim. *Reece,* 81 S.W.3d at 816–17. Therefore, the circumstantial evidence does not establish a genuine issue of material fact as to Defendant's actual notice of the substance.

Further, Plaintiff has not shown that Walmart had constructive knowledge that the substance was on the floor. To establish constructive knowledge, Texas courts have required plaintiffs to present evidence of the length of time the substance or object was on the floor prior to the slip-and-fall incident. *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 166 (Tex. App. 1998) ("Absent evidence of the length of time that the substance had been on the floor, there can be no inference that any increased level of inspecting or cleaning by [defendant] would have discovered and remedied the condition."); *Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). This well-established rule stems from Texas courts' "reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Reece*, 81 S.W.3d at 816 (quoting *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)).

Here, Plaintiff has put forth no evidence of how long the substance was on the floor prior to her fall. Without this evidence, she cannot establish constructive notice. See *Coburn v. Toys R Us-Delaware, Inc.*, No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App. Feb. 3, 2011) ("Because [plaintiff] presented no evidence regarding how long the substance had been on the floor before her fall we conclude that she failed to raise a fact issue regarding whether [defendant] had constructive notice of the allegedly dangerous condition."); *Cooper v. Brookshire Grocery*

*Co.*, 551 S.W.2d 175, 175–76 (Tex. Civ. App.—Texarkana 1977, no writ) (no constructive notice where plaintiff did not put forth evidence that the strawberries she slipped on had been on the floor long enough to be discovered had the defendant exercised ordinary care). Without any facts in the record indicating how long the substance had been on the ground, Plaintiff cannot establish that Defendant had constructive notice of the condition.

In conclusion, Plaintiff's circumstantial evidence is not sufficient to create a genuine dispute of material fact. "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Plaintiff offers circumstantial evidence and asks the Court to extrapolate that Walmart employees created the condition at issue or negligently responded to it, but it is "equally plausible" that a customer created the condition at issue without any Walmart employee ever being aware of it prior to Plaintiff's fall. By contrast to the lack of evidence here, the Fifth Circuit found that circumstantial evidence was enough to create a genuine dispute of material fact on a premises liability claim where the plaintiff presented evidence that "(1) produce boxes and, consequently, the store's produce carts, had been susceptible to leakage in the past; (2) the cart in question was stationed 'a foot or 2' away from where Rockwell slipped for seven minutes; (3) the employee stocking produce carried a box directly over the spot where Rockwell fell; (4) and the cart appeared to be leaking after having been 'parked' for about seven minutes following Rockwell's fall just down the wet rack from where the accident occurred." *Rockwell v. Sprouts Farmers Mkt. Texas, L.P.*, No. 21-20354, 2022 WL 1532639, at *4 (5th Cir. May 16, 2022). Here, Plaintiff's circumstantial evidence is not nearly as robust and is not sufficient for a reasonable jury to conclude that Walmart had actual or constructive knowledge of the substance.

Without any facts in the record indicating that Defendant had actual or constructive notice of the condition, Plaintiff cannot satisfy the first element of her premises liability claim. Her claim therefore fails as a matter of law. Because summary judgment has been granted on both the premises liability and negligence claims, the Court need not reach Defendant's remaining arguments.

## IV.   CONCLUSION

Ultimately, the Court finds that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 26. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 29th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE